■ MICHAEL POWER et al., Respondents, v. JOSEPH MONSERRAT et al., Appellants.— In an article 78 proceeding, order of the Supreme Court, Queens County, dated July 27, 1971, which granted the petition to the extent of directing respondents-appellants to reformulate a proposed rezoning plan for the high school system in the County of Queens so as to correct racial imbalance at Andrew Jackson High School, reversed on the law, without costs and petition dismissed. In May, 1971 respondents-appellants adopted a plan to rezone the high school districts of Queens County in order to achieve more efficient utilization of the plant facilities in view of the completion of a new high school and in order to achieve greater racial balance in the schools. Petitioners, the parents of four white children who are scheduled to enter Andrew Jackson High School, sought to have the plan set aside and a new one drawn. Jackson will have a population of 70% black and Puerto Rican and 30% white under the new plan while in most of the other high schools in Queens the ratio is approximately the reverse. Special Term held that once the Board of Education decided to remedy the racial imbalance it was under an obligation to do so in a proper and reasonable manner. It noted that in *Swann* v. *Board of Educ.* (402 U. S. 1) a *de jure* segregation case, the Supreme Court had imposed a burden on the school board to show that the continued existence of some schools that are all or predominantly of one race are genuinely nondiscriminatory. Special Term subjected the Board of Education at bar to the same burden and concluded that it had not been met. It said that no rational basis for the imbalance at Andrew Jackson had been shown. We are of the view that Special Term erred both in the test it applied and in the conclusion it reached. *Swann* is not applicable to the case at bar which at most involves a *de facto* segregation rather than *de jure* segregation. Thus the burden imposed in that case does not apply. Furthermore, in reviewing a determination of the Board of Education rezoning school districts, we are reviewing an administrative act, not a quasi-judicial act. Accordingly, the sole test is whether the determination has a rational basis (*Matter of Older* v. *Board of Educ.*, 27 N Y 2d 333, 337). In our view, the affidavit by respondent Scribner amply demonstrates that there is a rational basis for the plan. It achieves better plant utilization, it populates the newly completed high school, and it improves the racial balance in most of the

schools. While a plan might be drawn which would achieve even more racial balance, it is not for this court to substitute its judgment for that of respondents where there is a rational basis for the respondents' determination (*Matter of Van Blerkom* v. *Donovan,* 15 N Y 2d 399). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.